# Exhibit 9

1     IN THE UNITED STATES DISTRICT COURT

2      FOR THE DISTRICT OF OREGON

3       PORTLAND DIVISION

4

5 UNITED STATES OF AMERICA,   )
              )
6        Plaintiff, ) No. 3:23-mj-00023-1
              )
7      vs.    ) February 3, 2023
              )
8 KOBE SMITH,       ) Portland, Oregon
              )
9       Defendant. )

10

11

12

13      TRANSCRIPT OF PROCEEDINGS

14   (Initial Appearance Pursuant to Rule 5(c)(3))

15

16   BEFORE THE HONORABLE STACIE F. BECKERMAN

17  UNITED STATES DISTRICT COURT MAGISTRATE JUDGE

18

19

20

21

22

23 Court Reporter:    Ryan White, RMR, CRR, CSR/CCR
             United States District Courthouse
24            1000 SW 3rd Avenue, Room 301
             Portland, Oregon 97204
25            (503) 326-8184

```
 1                            APPEARANCES

 2

 3   For the Plaintiff:        UNITED STATES ATTORNEY'S OFFICE
                               By:  PARAKRAM SINGH  (by video)
 4                             parakram.singh@usdoj.gov
                               1000 SW 3rd Avenue, Suite 600
 5                             Portland, Oregon 97204
                               (503) 727-1073
 6

 7   For the Defendant:        FEDERAL PUBLIC DEFENDER'S OFFICE
                               By:  ROBERT B. HAMILTON  (by video)
 8                             robert_hamilton@fd.org
                               101 SW Main Street, Suite 1700
 9                             Portland, Oregon 97204
                               (503) 326-2123
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                    (February 3, 2023; 2:23 p.m.)

 2

 3                    P R O C E E D I N G S

 4

 5           THE COURT:  Mr. Smith, can you hear me okay?

 6           THE DEFENDANT:  Yes, I can.

 7           THE COURT:  Okay.  Thank you.

 8           Mr. Singh?

 9           MR. SINGH:  This is United States of America versus

10   Kobe Smith, 3:23-mj-00023.  Mr. Smith is appearing by video

11   teleconference with attorney Mr. Robert Hamilton.  We are here

12   for a Rule 5 appearance, Judge.  This is Mr. Smith's first

13   appearance in court on an indictment from the District of

14   Massachusetts.

15           THE COURT:  Thank you.  One moment.

16           Mr. Hamilton?

17           MR. HAMILTON:  Thanks, Your Honor.  Good afternoon.

18           I had a chance to meet with Mr. Smith in late morning,

19   and he does not have funds to retain counsel, so I'd ask to be

20   appointed.

21           THE COURT:  Thank you.

22           Mr. Smith, I want to review your rights with you at

23   this time.

24           First, you have the right to appear in person in the

25   courtroom.  We're conducting court by video because of COVID.  I
```

1  need to confirm on the record that you are willing to waive your

2  right to appear in person and that you consent to appear by

3  video today.

4          THE DEFENDANT:  Yes, I do.

5          THE COURT:  Okay.  Thank you.

6          You also have the right to be represented by a lawyer.

7  You can hire a lawyer at your own cost, but if you cannot afford

8  to pay a lawyer right now, I'm going to appoint Mr. Hamilton to

9  represent you for any proceedings here in our district.

10          Is that plan okay with you?

11          THE DEFENDANT:  Yes, that is.

12          THE COURT:  I'll make a finding that Mr. Smith

13  qualifies for court-appointed counsel.  I will enter an order

14  appointing Mr. Hamilton to serve as his counsel.

15          Mr. Hamilton, has Mr. Smith had a chance to review a

16  copy of the indictment in this case?

17          MR. HAMILTON:  Your Honor, we did.  We reviewed the

18  indictment, he read through it, and at this time he'd waive any

19  formal reading and enter a not guilty plea.  And given he's

20  indicted, he also doesn't have a right to a preliminary hearing,

21  but I have forwarded the Rule 5 waiver on to the Court.  He's

22  waiving an identity hearing and he is requesting a detention

23  hearing.

24          THE COURT:  Thank you.

25          Mr. Smith, you do have the right to review the

1    indictment that was issued by the District of Massachusetts.  I

2    understand that Mr. Hamilton has reviewed that with you.

3            You also have the right to remain silent.  You're not

4    required to make any statements here in court today about these

5    allegations.  At no time are you required to speak to the

6    government about this case.  And if you make statements to

7    anyone other than your counsel, your statements can be used as

8    evidence against you.

9            You have the right to an identity hearing.  At an

10   identity hearing, the government would have the burden to show

11   probable cause by adequate proof that you are in fact the same

12   Kobe Smith as the Kobe Smith named in the indictment.  I

13   understand that you're waiving your right to an identity

14   hearing.  Is that correct?

15           THE DEFENDANT:  Yes.

16           THE COURT:  Is your name in fact Kobe Smith?

17           THE DEFENDANT:  Yes, it is.

18           THE COURT:  Okay.  I have received a waiver form that

19   your counsel has represented you signed.  It appears to have

20   your signature on it and today's date.

21           Did you sign the waiver form?

22           THE DEFENDANT:  Yes, I did.

23           THE COURT:  Okay.  I will accept the waiver.  I will

24   make a finding that the waiver of your right to an identity

25   hearing and production of the warrant is knowing and voluntary.

1           Let's see.  Mr. Singh, is the government seeking

2    detention of Mr. Smith pending further proceedings in the

3    District of Massachusetts?

4           MR. SINGH:  Yes, Your Honor, the government is seeking

5    the detention of Mr. Smith.  We're seeking the detention of

6    Mr. Smith on both prongs.

7           Mr. Smith is alleged to be the primary conspirator in

8    this case.  He's believed to be the individual who coordinated

9    the purchase of at least 24 firearms, coordinated the sale and

10   then the transportation of those firearms into Massachusetts

11   from Alabama.

12          All in all, this conduct took place after he had

13   recently been arrested on a firearms charge in Massachusetts.

14   He was on bail on that charge when he began and participated in

15   this conspiracy.

16          Mr. Smith has since not resolved his open charge in

17   Massachusetts state court.  We believe there's a failure to

18   appear on that matter.

19          Mr. Smith is here in the District of Oregon, a place

20   where he has limited community ties.  He has, in the

21   government's view, been evading arraignment on his indictment.

22   We ask that the Court detain Mr. Smith as a danger and a flight

23   risk.

24          THE COURT:  Mr. Singh, I don't see any criminal

25   history on the bail report.  Am I missing a page?

1      MR. SINGH:  Judge, I have not -- I do not -- I do not

2  have a criminal history document, but I do have a docket from

3  the Massachusetts court that was forwarded to me that shows an

4  open charge against Mr. Smith.  I can forward that to the Court

5  and Mr. Hamilton right now.

6      THE COURT:  Let me ask who's here from pretrial

7  services?

8      MS. SONG:  Chris Song with pretrial, Your Honor.

9      THE COURT:  Ms. Song, did any criminal history come up

10 when you ran the report?

11     MS. SONG:  I didn't do this report, but let me check

12 on that.  When we ran the local records here through NCIC, we

13 didn't see anything, so let me just double check that.

14     MR. SINGH:  And Judge, it should show as an open or a

15 pending matter, not a matter with conviction.  He was out on

16 bail on that matter until he failed to appear in court.

17     THE COURT:  Okay.  What's the date of the arrest and

18 what's the date of the failure to appear?

19     MR. SINGH:  I'm looking that up, Judge.

20     He was arrested May 29th, 2020.  He was arrested with

21 a Glock 22 in his possession.  The Boston police have since

22 connected that firearm that was in his possession to seven

23 separate shooting incidents in Boston between July 2019 to

24 May 3, 2020.

25     THE COURT:  Do you have any information about the

1  delay in indicting this case?  It seems odd that this level of

2  conduct took place and it took almost two years to return an

3  indictment.

4           MR. SINGH:  Judge, the -- oh, regarding the conspiracy

5  charge?  I do not have the information as to why the conspiracy

6  case was not yet indicted even though Mr. Smith was charged in

7  Dorchester with the unlawful possession of that specific

8  firearm.

9           THE COURT:  Okay.

10          MR. SINGH:  That firearm -- and that's the case that

11 he was supposed to be out on bail on, Judge.

12          THE COURT:  And why do you represent him as being

13 the -- sort of the lead actor in this conspiracy?  From the

14 indictment, that's not apparent.

15          MR. SINGH:  And Judge, my information comes by phone

16 call with the prosecutor on this case.  That's how I received

17 these facts.

18          The prosecutor informs me that Mr. Smith was the

19 individual who knew the conspirators in Alabama.  He was the

20 person who had the contacts with the individuals in Alabama.  He

21 was the one who could arrange for them to procure firearms and

22 then provide them to others who traveled from Massachusetts down

23 to Alabama to bring them back, Mr. Pringle being one of those.

24          THE COURT:  Okay.  Thank you.

25          Let me represent, in the interest of timing, I will

1  maybe short-circuit this a bit.  I'm prepared to release

2  Mr. Smith.  I'll let Mr. Hamilton make his record.

3          But Mr. Singh, I have a hunch that you will appeal my

4  release order to the District of Massachusetts.  Is that

5  correct?

6          MR. SINGH:  That is the government's intent, Judge,

7  yes.

8          THE COURT:  Okay.  Mr. Hamilton, would you like to

9  make a record in the event that the district judge in the

10 District of Massachusetts looks back at the transcript?

11         MR. HAMILTON:  Yes, please.  Very much so.

12         Your Honor, I'd just like to note Mr. Smith is

13 23 years old.  He lives with his girlfriend, Ms. Morris, who

14 pretrial spoke with, and his one-year-old son.  He's had a job

15 at Auto Zone for the last six months.  Before that, when he was

16 in Massachusetts, he was employed for a year and a half at a

17 Mediterranean restaurant.

18         And I would note that -- you know, I just dispute this

19 notion that Mr. Smith is on the run hiding.  He is working.

20 There's no evidence he's, like, working under an assumed

21 identity.  He is living and working under his identity.  And so

22 he fully intends to comply with any of the Court's release

23 orders.  It's really important to him that he continue to work

24 and support his son.

25         And in terms of the charges, the Court's already noted

1    the age of the case.  The conduct is between January 2020 and

2    May of 2021.  It's not indicted until July of 2022.

3            I had the same impression as the Court.  Mr. Singh's

4    representations surprised me a little bit, what's coming from

5    Massachusetts.

6            When I read the indictment, Mr. Smith appears to be a

7    minimal player.  I read through the overt acts.  He's only

8    charged in count 1, which is the class D felony, it's a

9    five-year max, and that's the only charge he's facing.

10           When I read through the overt acts, three of them

11   involve him -- Mr. Moore -- sending Mr. Smith a text.  And the

12   very last one on page 7 is around April 24th, 2021.  Smith sent

13   Moore a message saying "Call my number," and -- and then

14   provided a number.

15           You'll see other overt acts of other people

16   placing -- supposedly placing orders, other people transporting

17   the firearms and picking them up.  And so I don't see -- well,

18   now, whether he originally knew the person down in Alabama, I

19   don't know, I don't have the discovery, but that's different

20   than sort of painting him as the ringleader of some firearm

21   acquisition conspiracy.

22           I would also note, in July of 2022, if you look at the

23   district court docket from Massachusetts in ECF, on ECF 13, it's

24   on July 20th, 2022, the number one defendant in the case,

25   Brandon Moore, who is providing, whether he's purchasing or

1   getting them elsewhere in Alabama, he appears in the District of

2   Alabama, he gets released, and the District of Massachusetts

3   adopts the release conditions of the Alabama court and Mr. Moore

4   appears by video for that hearing in Massachusetts.

5          And so I would note that I don't -- like you, I don't

6   have any indication of criminal history.  If there's a pending

7   case, he needs to -- he understands he has to resolve this

8   pending case that sounds like it arose during COVID and

9   there's -- if there's something open and pending, that he's got

10  to deal with that case and he understands that.

11         But I think he has a stable residence, he has stable

12  employment, and he is ready to appear for the Massachusetts

13  case, and so I'd ask that he be released on the conditions

14  suggested by pretrial.

15         THE COURT:  Mr. Hamilton, did you indicate -- did

16  Mr. Moore -- Mr. Moore was released at a Rule 5 appearance in

17  Alabama.  And then did you say he was allowed to appear by video

18  in the District of Massachusetts?

19         MR. HAMILTON:  Right.  That's what I see on ECF 13.

20  It's a video appearance.

21         Again, I don't know whether they're still doing that

22  or not, but I was going to raise that and can raise it with

23  Mr. Benson and Mr. Singh and the Massachusetts prosecutors.

24         My hope is, for cost purposes, rather than flying out

25  there for a single appearance, that they're allowed to appear by

1   video.

2           THE COURT:  Mr. Hamilton, I know you have had concerns

3   in the past, as has the Court, on the time it takes to transport

4   somebody in custody from the west coast to the east coast

5   especially.  Do you have any sense lately, any recent news of

6   how long those transports have been taking?

7           MR. HAMILTON:  I haven't had a Rule 5 for a while.

8   You know, I advise to expect three to four weeks at a minimum

9   for them to get on the transport and get going.  But I don't

10  have a definite answer.  Mr. Singh or the marshals may know

11  more.  But I know it takes a while.

12          THE COURT:  Okay.  Mr. Singh, anything further just

13  for the record?

14          MR. SINGH:  No, Judge.  Thank you.

15          THE COURT:  Okay.

16          MS. SONG:  Your Honor?

17          THE COURT:  Go ahead, Ms. Song.

18          MS. SONG:  Hi.  This is Chris with pretrial.

19          I just checked the documents and it looks like we did

20  miss the warrant on Mr. Smith and did not put it in the report.

21  But it looks like there is a warrant that was issued August 29,

22  2022, out of Dorchester District, Boston PD, for failure to

23  appear after recog, and the complaint date on that case is June

24  1st of 2020.  My apologies.

25          THE COURT:  Ms. Song, is that an extraditable warrant,

1    to your knowledge?

2           MS. SONG:  I'm unable to tell that from looking at

3    this printout, but the charges are four counts of firearms

4    charges:  Firearm without a license, ammunition without an FID

5    card, firearm possession of a large capacity, and firearm carry

6    without a license.

7           THE COURT:  Okay.  Thank you.

8           Mr. Singh, did you indicate that those charges are

9    related to the charges in this case?

10          MR. SINGH:  Judge, only to the extent that he had

11   already been arrested on that matter, was on bail, and while on

12   bail and on release in that matter is when the conduct in this

13   case is alleged to have occurred.

14          THE COURT:  Okay.  I am prepared to release Mr. Smith

15   based in part on the pretrial services officer's recommendation

16   that he is releasable, and that is in part -- I certainly

17   understand the release rates of the District of Oregon may be

18   different than the release rates than in the District of

19   Massachusetts, and that's in part, I will note, in my opinion,

20   because our pretrial services office is so well equipped to

21   supervise people in our district and in our community.

22          And so I'm confident that they could supervise

23   Mr. Smith.  I'm confident that if he was released, he would

24   appear either in person or by video in the District of

25   Massachusetts.  Perhaps while he's there, he can resolve the

1    warrant out of Dorchester.

2            But let me also note, if his co-defendant was released

3    in Alabama and allowed to appear by video, Mr. Kobe -- I'm

4    sorry -- Mr. Smith could not have any more criminal history than

5    Mr. Moore because in fact he has no convictions on his record.

6    He has a stable home, he has a young child, and stable

7    employment.  So for those factors, I would release him.

8            I understand it is not my final decision, so I will do

9    that, but I will stay my release opinion until Wednesday at noon

10   Pacific time to allow Mr. Singh to appeal my release order to

11   the district judge in the District of Massachusetts and we will

12   leave it up to that judge whether to transport Mr. Smith in

13   custody, which could take weeks to reach the District of

14   Massachusetts.  If there's any chance that they would release

15   him then, then he would have to find his own way back home to

16   Vancouver, Washington.  Alternatively, if he's allowed to appear

17   by video here, we can move forward in that direction.

18           But at the end of the day, not my decision, so I'll

19   leave that up to the assigned district judge.

20           Mr. Singh, anything further for today?

21           MR. SINGH:  No, Judge.  Thank you.

22           THE COURT:  Let me be specific.  I am ordering him

23   released and to appear in the federal court in Boston on

24   February 16th at 1:00 p.m.  Of course, counsel could ask to have

25   that switched to a video appearance if he is ultimately

1    released, but for today's purposes, that's the only information

2    I have.

3              Mr. Hamilton, anything further for today?

4              MR. HAMILTON:  Your Honor, if Mr. Singh communicates

5    with the District -- the US attorney in Massachusetts and they

6    decide not to appeal, I would just ask if he could let us know

7    this afternoon so that the order can be effectuated earlier.

8              MR. SINGH:  I'm fairly confident in their decision to

9    appeal.

10             THE COURT:  Okay.  Thank you.

11             If that changes or if as they're reviewing the record

12   or the bail report before Wednesday, just let us know, but

13   otherwise, we'll assume the appeal is moving forward.

14             MR. SINGH:  Absolutely.

15             THE COURT:  Thank you.

16             Thank you, Mr. Smith.

17

18        (The proceedings concluded at 2:41 p.m.)

19

20

21

22

23

24

25

1                    C E R T I F I C A T E

2

3           I certify, by signing below, that the foregoing is a

4    true and correct transcript, to the best of my ability, of the

5    videoconference/telephonic hearing taken by stenographic means.

6    Due to the videoconference/telephonic connection, parties

7    appearing via videoconference, speakerphone or cell phone,

8    speakers overlapping when speaking, speakers not identifying

9    themselves before they speak, fast speakers, the speaker's

10   failure to enunciate, and/or other technical difficulties that

11   occur during videoconference/telephonic proceedings, this

12   certification is limited by the above-mentioned reasons and any

13   technological difficulties of such proceedings occurring over

14   the videoconference/speakerphone at the United States District

15   Court of Oregon in the above-entitled cause.  A transcript

16   without an original signature, conformed signature, or digitally

17   signed signature is not certified.

18

19           DATED this 7th day of February, 2023.

20

21           *// Ryan White*
             _____
             RYAN WHITE
22           Registered Merit Reporter
             Certified Realtime Reporter
23           Expires 9/30/2025
             Oregon CSR No. 10-0419
24           Expires 12/31/2023

25