UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Criminal Action No. |
| v. | ) ) | 22-10157-FDS |
| JAHQUEL PRINGLE, | ) ) ) | |
| Defendant. | ) ) | |

MEMORANDUM AND ORDER ON
DEFENDANT'S MOTION TO DISMISS

**SAYLOR, C.J.**

This is a criminal prosecution arising out of an alleged conspiracy to transport firearms from Alabama to Massachusetts. Defendant Jahquel Pringle is charged with one count of conspiracy to commit illegal transportation or receipt in state of residency of firearm purchased or acquired outside of state of residency, in violation of 18 U.S.C. § 371; two counts of illegal transportation or receipt in state of residency of firearm purchased or acquired outside of state of residency, in violation of 18 U.S.C. §§ 922(a)(3) and (2); and one count of being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g).

Defendant has moved to dismiss the indictment on the grounds that 18 U.S.C. §§ 922(a)(3) and (2) and 18 U.S.C. § 922(g)(1), are unconstitutional, both facially and as applied to him. For the reasons set forth below, the motion to dismiss will be denied.

I. **Background**

The facts are presented as set forth in the indictment.[1]

From January 2, 2020, until at least May 27, 2021, Jahquel Pringle conspired with residents of Massachusetts and Alabama to obtain at least 24 firearms from Alabama and transport them to Massachusetts. He placed orders for the firearms in Alabama and then physically transported them to Boston by commercial bus. He paid for them with cash, guns, and marijuana. He retained possession of some for his personal use and distributed others to associates in Boston. He did not have a license to possess firearms and had previously been convicted of a crime punishable by a term of imprisonment of more than one year.[2]

II. **Legal Standard**

Defendant has moved to dismiss the indictment in its entirety. "An indictment, or a portion thereof, may be dismissed if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Labs of Virginia, Inc.,* 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003); *see also United States v. Flores,* 404 F.3d 320, 324 (5th Cir. 2005); *United States v. Tawahongva,* 456 F. Supp. 2d 1120, 1125 (D. Ariz. 2006). In considering a motion to dismiss an indictment, the court must assume all facts in the indictment to be true and views all facts in the light most favorable to the government. *United States v. Sampson,* 371 U.S. 75, 78–79 (1962); *United States v. Ferris,* 807 F.2d 269, 271 (1st Cir. 1986). To the extent a motion to

---

[1] The allegations of the indictment are presumed to be true for the purposes of assessing whether it is sufficient to withstand a motion to dismiss. *United States v. Dunbar,* 367 F. Supp. 2d 59, 60 (D. Mass. 2005) (citing *Boyce Motor Lines, Inc. v. United States,* 342 U.S. 337, 343 n. 16 (1952).

[2] Pringle's prior convictions are for (1) carrying a firearm without a license in violation of Mass. Gen. Laws ch. 269, § 10(a) and (2) carrying a loaded firearm without a license in violation of Mass. Gen. Laws ch. 269, § 10(n). (*See* Docket No. 113, Ex. 1).

dismiss relies on disputed facts, the motion should be denied.  *United States v. Covington,* 395 U.S. 57, 60 (1969); *see also United States v. Caputo,* 288 F. Supp. 2d 912, 916 (N.D. Ill. 2003).

**III.**     **Analysis**

      **A.**     **Facial Challenge to 18 U.S.C. § 922(g)(1)**

"A facial challenge to a legislative Act is, of course, the most difficult challenge to mount successfully, since the challenger must establish that no set of circumstances exists under which the Act would be valid."  *United States v. Salerno*, 481 U.S. 739, 745 (1987).  Here, defendant has moved to dismiss the indictment on the ground that 18 U.S.C. § 922(g)(1) is facially unconstitutional based on the framework adopted by the Supreme Court in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

The Supreme Court in *Bruen* struck down a New York licensing regime requiring individuals to demonstrate "proper cause" in order to carry a handgun in public for self-defense.  *Bruen*, 142 S. Ct. at 2122.  The court held that the scheme "prevent[ed] law-abiding citizens with ordinary self-defense needs from exercising their right to keep and bear arms."  *Id.* at 2156.  In reaching that conclusion, the *Bruen* court "reiterate[d]" the two-part "standard for applying the Second Amendment."  *Id.* at 2129.  First, "[w]hen the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct."  *Id.* at 2126.  Second, when a government regulation burdens such "presumptively protect[ed] . . . conduct," the "government must . . . justify its regulation by demonstrating that it is consistent with the Nation's historical tradition of firearm regulation."  *Id.* at 2126, 2130.

Defendant contends that "[p]ersons with felony convictions . . . presumptively have the right to possess firearms under the Second Amendment."  (Def.'s Motion, Docket No. 102 at 8).  The *Bruen* court, however, emphasized at least eleven times in the majority opinion that the Second Amendment protects "law-abiding, responsible citizens."  *See id.* at 2122, 2125, 2131,

3

2133, 2134, 2138, 2150, 2156.  The court also emphasized repeatedly that its holding "was consistent with" its earlier opinion in *District of Columbia v. Heller*, 554 U.S. 570 (2008) and *McDonald v. City of Chicago*, 561 U.S. 742 (2010).  *Id.* at 2122; *see also id.* at 2175 (Alito, J., concurring) (internal citation omitted) ("Nor have we disturbed anything that we said in *Heller* or *McDonald v. Chicago* about restrictions that may be imposed on the possession or carrying of guns.").

In *Heller*, the Supreme Court held that a "District of Columbia prohibition on the possession of usable handguns in the home violate[d] the Second Amendment to the Constitution," but noted that "nothing in [the *Heller*] opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons."  *Heller*, 554 U.S. at 573, 626; *see also McDonald*, 561 U.S. at 786 ("We made it clear in *Heller* that our holding did not cast doubt on such longstanding regulatory measures as 'prohibitions on the possession of firearms by felons.'") (citing *Heller*, 554 U.S. at 626).

In addition, this Court is bound by the decision of the First Circuit in *United States v. Torres-Rosario*, 658 F.3d 110 (1st Cir. 2011).[3]  In that case, the court affirmed the conviction of a defendant under 18 U.S.C. § 922(g)(1), noting that "all of the circuits to face the issue post *Heller* have rejected blanket challenges to felon in possession laws."  658 F.3d at 112-13. Indeed, at least four courts in this circuit over the past two years, following *Torres-Rosario*, have rejected *Bruen* challenges to § 922(g)(1).  *See United States v. Trinidad*, No. 21- CR-398, 2022 WL 10067519, at *3 (D.P.R. Oct. 17, 2022); *United States v. Belin*, No. 21-cr-10040-RWZ, 2023 WL 2354900, at *1 (D. Mass. Mar. 2, 2023); *United States v. Therrien*, 21-cr-10323-DPW, Dkt.

---

[3] *See Eulitt v. Me. Dep't of Educ.*, 386 F.3d 344, 349 (1st Cir. 2004) ("Until a court of appeals revokes a binding precedent, a district court within the circuit is hard put to ignore that precedent unless it has unmistakably been cast into disrepute by supervening authority.").

4

Nos. 88, 94 (D. Mass. March 6, 2023); *United States v. Davis*, No. 1:23-cr-10018- DJC, Dkt. No. 49 (D. Mass. March 17, 2023).

This Court will follow suit, and likewise reject the facial challenge to § 922(g)(1).

### B. As-Applied Challenge to 18 U.S.C. § 922(g)(1)

Defendant has also moved to dismiss the indictment on the ground that § 922(g)(1) is unconstitutional as applied to him. The basis of his challenge is that he was "previously convicted of a single . . . felony offense for possessing a firearm without a license," not a violent felony. *Id.* at 16.

The First Circuit, however, rejected a similar as-applied challenge in *Torres-Rosario*. 658 F.3d at 113 (rejecting defendant's argument that § 922(g)(1) was unconstitutional as applied to him based on the fact that he had "no prior convictions for any violent felony."). In doing so, the court noted that even "[a]ssuming arguendo that the Supreme Court might find some felonies so tame and technical as to be insufficient to justify the ban, drug dealing is not likely to be among them" because it is "notoriously linked to violence." *Id.*

Again, this Court is bound by *Torres-Rosario*. Moreover, even if the First Circuit or the Supreme Court were to carve out any exceptions to the predicate felony requirement, a prior violation of gun laws is unlikely to be among them. Illegal firearm activity is obviously linked to violence, even if it does not directly involve violent acts.[4]

In short, the as-applied challenge to § 922(g)(1) is unavailing and will be rejected.

### C. Facial Challenge to 18 U.S.C. §§ 922(a)(3) and (2)

Defendant further asserts that 18 U.S.C. §§ 922(a)(3) and (2) are facially

---

[4] Indeed, according to the government, many of the firearms transported by defendant have been "recovered from felons and from crime scenes in and around Boston, including one found at the scene of a shooting in Boston the very same day defendant transported it into Boston." (Gov't's Motion, Docket No. 113 at 24-25).

unconstitutional. Section 922(a)(2) provides that it is unlawful "for any importer, manufacturer, dealer, or collector licensed under the provisions of this chapter to ship or transport in interstate or foreign commerce any firearm to any person other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector." 18 U.S.C. §§ 922(a)(2). Section 922(a)(3) provides that it is unlawful "for any person, other than a licensed importer, licensed manufacturer, licensed dealer, or licensed collector to transport into or receive in the State where he resides . . . any firearm purchased or otherwise obtained by such person outside that State."[5] 18 U.S.C. §§ 922(a)(3).

Defendant asserts that these statutes "criminaliz[e] [the] receipt of firearms" and thus "inherently criminalize [the] possession of firearms." (Docket No. 102 at 17). He also contends that his "alleged conduct in this case is best characterized as possessing firearms outside the home while traveling." *Id.* at 19. According to him, because *Bruen* held that "the right to possess a firearm outside the home is protected by the Second Amendment" and "nothing in *Bruen* indicates that the right to carry a firearm in public stops at any State's border," his conduct in this case is "protected by the Second Amendment and presumptively lawful." *Id.* at 17-18.

The argument that "[s]ections 922(a)(2) and (3) are, fundamentally, about possession" is unpersuasive. *Id.* at 17, 19. Sections 922(a)(2) and (3) do not infringe upon an individual's right to possess a firearm inside or outside of the home for self-defense. To the contrary, they leave open *"*ample alternative means of acquiring firearms for self-defense purposes." *United States v. Decastro*, 682 F.3d 160, 168 (2d Cir. 2012). They do not restrict anyone, for example, "from purchasing a firearm in her home state, which is presumptively the most convenient place to buy anything." *Id.* They also "do[] not bar purchases from an out-of-state supplier if the gun is first

---

[5] Both 18 U.S.C. §§ 922(a)(3) and (2) are subject to certain exceptions which are not relevant in this case.

transferred to a licensed gun dealer in the purchaser's home state." *Id.* Indeed, "[t]he delay incurred if a handgun is purchased out of state and transferred to an in-state [federally licensed firearms dealer] is de minimis." *Mance v. Sessions*, 896 F.3d 699, 709 (5th Cir. 2018) (denying a challenge under the Second Amendment to Section 922(a)(3)). Such a "de minimis burden on downstream possession rights" fails to "trigger *Bruen* scrutiny." *United States v. Flores*, No. H-20-427, 2023 WL 361868, at *5 (S.D. Tex. Jan. 23, 2023); *see also United States v. Lucha El Libertad*, No. 22-cr-644, 2023 WL 4378863, at *13 (S.D.N.Y. July 3, 2023) ("Like the 'shall-issue' state-licensing regimes held out by the *Bruen* majority opinion and Kavanaugh concurrence as putatively lawful on their face, § 922(a)(3) therefore does not on its face operate to prevent anyone from keeping or bearing arms; it merely prescribes and proscribes particular modes of acquiring guns, so as 'to ensure only that those bearing arms in the jurisdiction are, in fact, law-abiding, responsible citizens.'") (quoting *Bruen*, 142 S.Ct. at 2138 n. 9).

Furthermore, the Supreme Court has emphasized that "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *Heller*, 554 U.S. at 626. It is "not a right to keep and carry any weapon whatsoever in any manner whatsoever and for whatever purpose." *Id.* Accordingly, "laws imposing conditions and qualifications on the commercial sale of arms" are not prohibited by the Second Amendment. *Id.* at 626-27. *See also McDonald*, 561 U.S. at 786 ("repeat[ing] those assurances" made in *Heller*); *Bruen* 142 S. Ct. at 2157 (Alito, J., concurring) ("Our holding decides nothing about who may lawfully possess a firearm or the requirements that must be met to buy a gun. Nor does it decide anything about the kinds of weapons that people may possess. Nor have we disturbed anything that we said in *Heller* or *McDonald* . . . about restrictions that may be imposed on the possession or carrying of guns."); *id.* at 2162 ("Properly interpreted, the Second Amendment allows a 'variety' of gun

regulations.") (citing *Heller*, 554 U.S. at 636); *United States v. McNulty*, No. 22-10037-WGY, 2023 U.S. Dist. LEXIS 129888 (D. Mass. July 27, 2023) ("[T]he *Bruen* Court seemed to caution against reading its decision as one that alters the framework regulating firearm commerce.").

In short, Sections 922(a)(3) and (2) do not burden an individual's Second Amendment "right to keep and bear arms for self-defense." *Bruen* 142 S. Ct. at 2126. Accordingly, the facial challenge to those statutes will be rejected.

### D. As-Applied Challenge to 18 U.S.C. §§ 922(a)(3) and (2)

Finally, defendant contends that 18 U.S.C. §§ 922(a)(3) and (2) are unconstitutional as applied to him. The Supreme Court has made clear, however, that the "Second Amendment does not protect those weapons not typically possessed by law-abiding citizens for lawful purposes." *Heller*, 554 U.S. 570, 625. It does not protect the right to keep and bear arms for "unlawful" or "unjustifiable" purposes. *Id.* at 608, 612, 627. When 18 U.S.C. §§ 922(a)(3) and (2) were enacted, the Senate Report explained that the interstate traffic of firearms through non-resident sources and mail-order common carriers "is a means which affords circumvention and contravention of State and local laws governing the acquisition of [firearms]." S. Rep. No. 90-1097, at 49 (1968), reprinted in 1968 U.S.C.C.A.N. 2112, 2166. Specifically, it noted that "[a]s an example of this, the Massachusetts authorities have testified that 87 percent of 4,506 crime guns misused in that State were purchased outside of Massachusetts in neighboring States." *Id.*

Here, defendant engaged in the unlawful trafficking of firearms from Alabama into Massachusetts as part of a criminal conspiracy and for unlawful and unjustifiable purposes. Some of those firearms have been recovered in the possession of convicted felons and are therefore likely to be used for criminal purposes. (*See* Docket. No. 56 at 2-3, n.3). In fact, one of the firearms trafficked by defendant was involved in a shooting only three days after it was

purchased in Alabama, and the same day that defendant brought it into Massachusetts. (*See* Docket No. 56 at 2).

Accordingly, 18 U.S.C. §§ 922(a)(3) and (2) are constitutional as applied to defendant.

## IV.     Conclusion

For the foregoing reasons, the motion to dismiss of defendant Jahquel Pringle is DENIED.

**So Ordered.**

Dated:  October 30, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court